| | |
|---|---|
| 1 | ROBERT K. PHILLIPS |
| 2 | Nevada Bar No. 11441<br>RYAN KERBOW |
| 3 | Nevada Bar No. 11403<br>**PHILLIPS, SPALLAS & ANGSTADT LLC** |
| 4 | 504 South Ninth Street<br>Las Vegas, Nevada 89101 |
| 5 | (702) 938-1510 |
| 6 | *Attorneys for Defendant* |
| 7 | *Wal-Mart Stores, Inc.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE HERNANDEZ-MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. d/b/a WALMART; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendant. | Case No.: 2:17-cv-02179-RFB-PAL<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF JOSE HERNANDEZ-MALDONADO AND DEFENDANT WAL-MART STORES, INC.** |

### STIPULATED PROTECTIVE ORDER

The parties to this action, Defendant Wal-Mart Stores, Inc. and Plaintiff Jose Hernandez-Maldonado, by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and applicable local rules for the United States District Court, District of Nevada

2. The Protective Order shall govern all materials agreed upon as "Confidential" by the parties. Disclosed materials agreed to be confidential in nature shall be designated in writing as "Confidential," and such designation may appear on the face each document or in a separate writing. The parties hereby agree that maps/schematics of the subject Walmart store, including maps/schematics pertaining to the placement of surveillance cameras shall be Confidential.

3.      Confidential Information shall be held in confidence by each party or his or her representatives, attorneys, and agents for use solely for the purposes of this action and not for any business purpose. Documents designated as confidential may not be disclosed to persons or parties whose relationship to the dispute between the parties is not reasonably related to the prosecution or defense of claims litigated.

4.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential" information as defined by the terms of the Protective Order.

5.      The parties will comply with Local Rule IA 10-5 and seek to file under seal any Confidential materials included in any papers, motions, or pleadings to avoid the public disclosure of said information.

6.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

7.      After the final adjudication or resolution of this Lawsuit ("final adjudication" will include the resolution of any appeals), a party may make a written demand to the other party for the return of confidential materials, including all copies and reproductions thereof. The party receiving the written demand shall have thirty (30) days from receipt of the written demand to comply with same.

//
//
//
//
//

8. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

9. DATED this 31st day of October, 2017.

/s/ David Menocal

David Menocal, Esq.
Nevada Bar No. 13191
DE CASTROVERDE LAW GROUP
1149 S. Maryland Pkwy
Las Vegas, NV 89104

*Attorneys for Plaintiff*
*Jose Hernandez-Maldonado*

/s/ Ryan Kerbow

Ryan Kerbow, Esq.
Nevada Bar. No. 11403
PHILLIPS, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

The terms of the above stipulation for a protective order by and between Defendant Wal-Mart Stores, Inc. and Plaintiff Jose Hernandez-Maldonado, by their respective counsel, shall hereby be the ORDER of this Court.

DATED this 2nd day of November, 2017

_____
UNITED STATES MAGISTRATE JUDGE